UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHINOOK INDIAN NATION, et al.,

                   Plaintiffs,

     v.

RYAN K. ZINKE, et al.,

                   Defendants.

CASE NO. C17-5668 RBL

ORDER ON MOTION TO INTERVENE

THIS MATTER is before the Court on the Siletz Tribe of Oregon's Motion to Intervene [Dkt. #58]. Plaintiff members of the Chinook Indian Nation (CIN) challenge Defendant Department of the Interior's (DOI) regulations prohibiting tribes that have been denied federal acknowledgment from re-petitioning for recognition. The Siletz Tribe seeks to intervene as of right under Fed. R. Civ. P. 24(a)(2) or permissively under Fed. R. Civ. P. 24(b) with respect to CIN's claims relating to funds from a 1970 Indian Claims Commission (ICC) judgment held in trust by DOI for the Lower Band of Chinook and Clatsop Indians. The Siletz Tribe disputes that CIN is the successor-in-interest to the Lower Chinook and Clatsop Indians. The Siletz contend that a significant percentage of its tribal membership descends from the historic Lower Chinook and Clatsop tribes and that it is the Siletz who have claim to all or part of the ICC judgment funds. Dkt. 58 at 3–4; Dkt. 73 at 9.

ORDER ON MOTION TO INTERVENE - 1

CIN opposes the Siletz Tribe's motion to intervene, arguing that the motion is untimely and does not meet Fed. R. Civ. P. 24(c)'s pleading standards. Additionally, CIN asserts that the Siletz have made no showing of a significantly protectable interest, that the resolution of the claims related to the ICC judgment will impair or impede the Siletz Tribe's alleged interests, or that the Siletz Tribe's interest is not adequately represented by the DOI Defendants. Dkt. 61.

The DOI Defendants have filed notice that they neither support nor oppose the Siletz Tribe's motion to intervene. Dkt. 59.

# I. LEGAL STANDARD

## A. Intervention of Right.

Under Fed. R. Civ. P. 24(a)(2), a party seeking to intervene as a matter of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). Each of these four requirements must be satisfied to support a right to intervene. *Id*. (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.1997)). However, timeliness is "the threshold requirement for intervention as a matter of right," *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990), and if the Court determines that the motion to intervene is not timely, it need not reach any of the remaining elements. *See United States v. Washington*, 86 F.3d 1499, 1505 (9th Cir. 1996). Although the party seeking to intervene bears the burden of showing those four elements are met, the rule is construed broadly in favor of applicants for intervention. *Id.* at 1503; *Oregon*, 913 F.2d at 587.

**B. Permissive Intervention**

Fed. R. Civ. P. 24(b) governs a party's request to intervene with permission of the court. "[A] court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (quoting *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). "As with motions for intervention as of right, a finding of untimeliness defeats a motion for permissive intervention." *Id.* (citing *Washington*, 86 F.3d at 1507).

**C. Timeliness of Motion to Intervene**

Courts weigh three factors in determining whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). Although a lapse of time in itself is not determinative, a substantial delay will weigh heavily against intervention. *Orange County v. Air California*, 749 F.2d 535, 537 (9th Cir. 1986).

**II. DISCUSSION**

The Siletz Tribe seeks to intervene with respect to CIN's claims related to the ICC judgment only (Claims 6, 7, and 8) and "does not seek intervention on Plaintiff's [sic] first two categories of claims, regarding federal recognition." Dkt. 58 at 3. Because the timeliness of this motion is potentially dispositive on the Siletz Tribe's motion for intervention as of right under Rule 24(a) as well as for permissive intervention under Rule 24(b), the Court addresses it first.

### A. Stage of the Proceeding

The Siletz Tribe's motion to intervene was filed over eleven months after CIN initiated the present lawsuit.[1] At the time of this motion, the parties have briefed and argued, and the Court has decided a significant dispositive motion. *See* Dkts. 32, 37, 41, and 45. The Court has dismissed CIN's claim for a declaratory judgment that it is entitled to be a federally recognized and acknowledged tribe, but has allowed its claims regarding the re-petition ban and the ICC judgment funds to proceed. *See* Dkt. 45. In terms of discovery, Defendants have lodged Administrative Records for both the re-petition ban claims and the ICC judgment claims. Dkt. 52; Dkt. 60. This litigation is well past the halfway point and the Siletz Tribe's year-long delay in filing its motion to intervene is significant.

### B. Prejudice to Other Parties

There is presumably no prejudice to the DOI Defendants who take no position on the Siletz Tribe's motion. *See* Dkt. 59. Plaintiffs, on the other hand, will be prejudiced if they have to litigate the merits of their claims challenging the re-petition ban and the DOI decision to deny an accounting of the funds held in trust while simultaneously fending off an eleventh hour challenge by the Siletz Tribe regarding the purported superiority of that tribe's claim to the ICC judgment funds. The Court observed in its Order on the Motion to Dismiss that "Plaintiffs' claims related to the ICC judgment are derivative of the larger issue of the CIN's non-recognition by Defendants." Dkt. 45 at 26. Although the Siletz Tribe "takes no position regarding Plaintiff's claims to federal recognition," Dkt. 58 at 3, permitting the Siletz Tribe to tardily intervene would disadvantage CIN by shifting its focus and its resources away from the significant issues surrounding the re-petition ban, likely impairing CIN's pursuit of federal acknowledgment. In

---

[1] The present motion became ripe a year to the day that this lawsuit was filed.

short, the prejudice to Plaintiffs of allowing the Siletz Tribe to intervene at this stage of the litigation is real and substantial.

**C. Reason For and Length of Delay**

Finally, the Court considers the reason for and the length of the Siletz Tribe's delay in filing the motion to intervene. The Siletz Tribe contends that it is only filing its motion to intervene now because it had no prior formal notice of CIN's claims.[2] Dkt. 73 at 10. The tribe argues that "[t]he only public mention of Plaintiffs' case only references a claim for federal recognition." *Id*. In support of this contention, the Siletz Tribe includes a screenshot from an August 28, 2017 website[3] post that tracks developments in Indian law cases around the country:

**Turtle Talk**
*Indigenous Law and Policy Center Blog*
*Michigan State University College of Law*

**Chinook Indian Nation Sues for Federal Recognition**
Posted on August 28, 2017 by Matthew L.M. Fletcher

Here is the complaint in Chinook Indian Nation v. Zinke (W.D. Wash.):

1 Complaint

Dkt. 74-8 at 2. Immediately below the caption is a link to CIN's Complaint in its entirety. *Id*. Had the Siletz Tribe or its attorney made the effort to read beyond the first line and actually click the link to read Plaintiffs' Complaint, they would have plainly seen CIN's three claims related to the ICC judgment. Far from bolstering its lack of notice argument, the Siletz Tribe's exhibit is

---

[2] The Siletz Tribe concedes that Plaintiff Anthony Johnson met with and discussed the lawsuit with the Tribe's leadership in March 2018. Dkt. 73 at 10. The Tribe's contention that information from Johnson's sworn declaration based on his personal knowledge is inadmissible as evidence is without merit. *Id*. at n.11.

[3] Turtle Talk is maintained by the Indigenous Law and Policy Center and posts documents filed in cases around the country that involve Indian law issues.

sufficient to demonstrate that the Tribe was on constructive notice of CIN's claims related to the ICC judgment almost a year before they attempted to intervene in this case.

Beyond the year that the Siletz Tribe waited to intervene in this suit, the motion is even staler if one considers the nearly five decades that have elapsed since the ICC entered its judgment in favor of the Lower Chinook and Clatsop Indians. The Siletz Tribe makes no showing that it received account statements from DOI (as CIN did until 2015), that it has ever formally requested the funds from DOI OST, or that it has taken any interest in the funds at issue until after the Court resolved substantive issues permitting CIN's ICC judgment claims to go forward. In short, the Siletz Tribe has offered no compelling reason for why it has waited on the sidelines until now.

Because the Siletz Tribe is unable to meet its burden establishing that the motion to intervene is timely, the Court **DENIES** the motion to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2). Because the Court determines that the motion to intervene is untimely, there is no need to consider the other elements of the test. *See Air California*, 749 F.2d at 538.

Similarly, because timeliness is also a threshold requirement for permissive intervention, the Court's determination that the Siletz Tribe's motion is untimely applies equally to its motion to permissively intervene under Rule 24(b). *See Air California*, 749 F.2d at 538. As such, the

//

//

//

//

//

Court **DENIES** the motion to permissively intervene under Fed. R. Civ. P. 24(b). Accordingly, the Siletz Tribe's Motion to Intervene [Dkt. #58] is **DENIED**.

IT IS SO ORDERED.

Dated this 28th day of August, 2018.

Ronald B. Leighton
United States District Judge