| | |
|---|---|
| 1 | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHINOOK INDIAN NATION, et al., | CASE NO. C17-5668-RBL |
| Plaintiffs, | ORDER ON STIPULATION REGARDING SUPPLEMENTING THE ADMINISTRATIVE RECORD |
| v. | |
| RYAN K. ZINKE, in his capacity as Secretary of the U.S. Department of Interior, et al., | |
| Defendant. | |

On May 21, 2019, the parties in this case entered into a stipulation that the Court would review three documents *in camera* to determine whether they should be added to the administrative record or withheld due to privilege. *See* Stipulation, Dkt. # 89. As a refresher, this case concerns the Plaintiffs' challenge to a Final Rule by the Office of Federal Acknowledgement (OFA) that bars unsuccessful petitioners for federal acknowledgement of tribal status from re-petitioning.

Plaintiffs seek to supplement the administrative record with the following documents. The first document (attachment to AR0007983) contains edits by the Department of the Interior Office of the Solicitor to draft OFA talking points regarding how a tribe petitioning for acknowledgement can get additional time to respond to OFA's technical assistance review of

their petition. The second document (attachment to AR0007948) is a memorandum prepared by an OFA staff anthropologist containing her comments and edits to the OFA's Final Rule. The third document (attachment to AR0009030) is a memorandum between OFA officers regarding the preliminary discussion draft of the Final Rule. Yup!

The "deliberative process privilege" protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). It "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions' . . . by protecting open and frank discussion among those who make them within the Government." *Id*. at 8-9 (quoting *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975)). "Information is protected by the deliberative process privilege if it predates the governmental decision and is 'deliberative' in nature," with the key inquiry being "whether disclosure of the information would expose the decision-making process in such a way as to discourage candid discussion within the agency." *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1019 (E.D. Cal. 2010) (citing *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) and *Carter v. U.S. Dep't of Commerce*, 307 F.3d 1084, 1090 (9th Cir. 2002)).

These documents meet the requirements for the deliberative process privilege. The first document includes crossed-out sections of text and line-edits that clearly reflect the OFA's deliberative process. The second document expresses the candid and often critical comments of an OFA staff expert. If such information were included in the administrative record it would discourage lively debate within the agency during the rulemaking process. The third document

again contains hand-written notes critiquing the draft rule and suggesting changes. These internal discussions should not be added to the record.

IT IS SO ORDERED.

Dated this 11th day of October, 2019.

Ronald B. Leighton
United States District Judge