THE HON. RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| **CHINOOK INDIAN NATION**, an Indian Tribe and as successor-in-interest to The Lower Band of Chinook Indians; **ANTHONY A. JOHNSON**, individually and in his capacity as Chairman of the Chinook Indian Nation; and **CONFEDERATED LOWER CHINOOK TRIBES AND BANDS**, a Washington nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**DAVID BERNHARDT**, in his capacity as Secretary of the U.S. Department of Interior; **U.S. DEPARTMENT OF INTERIOR**; **BUREAU OF INDIAN AFFAIRS, OFFICE OF FEDERAL ACKNOWLEDGMENT**; **UNITED STATES OF AMERICA**; and **TARA KATUK MAC LEAN SWEENEY**, in her capacity as Acting Assistant Secretary – Indian Affairs,<br><br>Defendants. | Case No. 3:17-cv-05668-RBL<br><br>**DECLARATION OF THANE W. TIENSON IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' UNAUTHORIZED SUR-REPLY** |

**I, THANE W. TIENSON**, under penalty of perjury do declare and say:

1. I am the co-counsel for the Plaintiffs in the above-captioned matter and I make this declaration in Opposition to Defendants' Motion to Strike Plaintiffs' Unauthorized Sur-Reply.

DECLARATION OF THANE W. TIENSON IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY - 1
Case No. 3:17-05668-RBL

43N9193/ 15744-001

**LANDYE BENNETT BLUMSTEIN** LLP
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100 ▪ 503.224.4133 (facsimile)

**THOMAS, COON, NEWTON & FROST**
820 SW Second Avenue, Ste. 200
Portland, OR 97204
503.228.5222 ▪ 503.273.9175 (facsimile)

2.	I have been a practicing licensed attorney for more than 42 years and during that long period, I have been counsel for Plaintiffs in which claims for violation of the Administrative Procedure Act (APA) have been asserted against federal agencies on many occasions.  I have never bothered to count the number of cases in which I have been co-counsel for plaintiffs in APA claims, but I would estimate that number to be at least 25 cases and perhaps as many as 40.  In my experience, all APA cases are decided upon cross-motions for summary judgment.  And, as LCR 7(k) suggests, my experience is that all counsel, including DOJ counsel, confer either by e-mail and/or by telephone and try to agree on a briefing schedule for filing of cross-motions for summary judgment.

3.	In my experience, it is not uncommon for briefing on cross-motions for summary judgment be contemporaneous.

4.	I have not had any prior experience with Mr. Kipnis, counsel for Defendants, other than in this case and I have tried to be courteous, cooperative, responsive and certainly ethical in all my dealings with him.

5.	I was surprised to find that Mr. Kipnis, on behalf of the Defendants, filed a motion for partial summary judgment on the Plaintiffs' re-petitioning claims without any prior effort to confer with me or my co-counsel James Coon, especially since the Administrative Record had not yet been settled.  Frankly, in my experience, it was unprecedented.

6.	Defendants' summary judgment motion was also filed at a busy time for me as I was involved as co-counsel for plaintiff in another APA case in the Western District of Washington against the federal government in which cross-motions for summary judgment were filed under a mutually agreed upon briefing schedule.  "*The Coalition to Protect Puget Sound Habitat v. U.S. Army Corp. of Engineers, et al*., Case No. 2:16-cv-00950-RSL.  At the time of Defendants' filing (September 12, 2019), the parties in that case were preparing for a September 17 oral argument on the cross-motions.  Supplemental briefing was due by

DECLARATION OF THANE W. TIENSON IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY - 2
Case No. 3:17-05668-RBL

43N9193/ 15744-001

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon  97201
503.224.4100 ▪ 503.224.4133 (facsimile)

THOMAS, COON, NEWTON & FROST
820 SW Second Avenue, Ste. 200
Portland, OR 97204
503.228.5222 ▪ 503.273.9175 (facsimile)

1  September 27. And then, following issuance of the Court's Order granting summary
2  judgment to the Plaintiffs on October 1, 2019, the Court ordered additional briefing
3  regarding appropriate relief to be filed by October 30. While I have co-counsel in that case
4  as I do here, the briefing was time-consuming.

5      7. At the same time, I was devoting time to my 96 year old mother, in Astoria,
6  Oregon who sustained a hip fracture and underwent surgery in late September. I am her
7  legal guardian and have power of attorney for her as well. I also have other work demands
8  with which to contend. To that end, I emailed Mr. Kipnis and explained my situation and
9  asked for and received an extension of time to respond to his motion. I notified him of my
10 intent to file a cross-motion and I also explained that I was doubly surprised by the filing
11 because the Administrative Record had not yet been settled. I told him I thought it was
12 appropriate to get that issue resolved before summary judgment briefing occurred.

13     8. Mr. Kipnis and I exchanged numerous emails over the next several weeks
14 pertaining to the summary judgment briefing and the Administrative Record and my intent
15 to file a cross-motion for summary judgment. I also telephoned Mr. Kipnis on two occasions
16 that I recall.

17     9. My telephone communication with Mr. Kipnis led me to conclude that in filing
18 the summary judgment motion first without prior notice to me Defendants hoped to obtain
19 a ruling on their motion before any cross-motion by Plaintiffs could be considered. Mr.
20 Kipnis' November 15, 2019 e-mail states that as well. I was concerned because I wanted to
21 have an opportunity for my clients, the Chinook Indian Nation, to obtain a summary
22 judgment ruling in their favor on our re-petitioning claims. To do that, I needed to file a
23 cross-motion for summary judgment.

24     10. I am personally unfamiliar with and did not consider Fed.R.Civ.P. 56(f)(1)
25 which, as I read it, allows the court to grant summary judgment to a non-moving party under
26 certain circumstances. This was a new Rule just adopted in 2010. I have never heard of it

DECLARATION OF THANE W. TIENSON IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY - 3
Case No. 3:17-05668-RBL

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100 ▪ 503.224.4133 (facsimile)

THOMAS, COON, NEWTON & FROST
820 SW Second Avenue, Ste. 200
Portland, OR 97204
503.228.5222 ▪ 503.273.9175 (facsimile)

43N9193/ 15744-001

1  being invoked by a court and I would not have relied upon it to forego filing a cross-motion
2  for summary judgment in any event.

3      11.    After reading Defendants' initial brief, and drafting my opposition brief, I
4  concluded that I could include a cross-motion in my opposition brief in order to ensure that
5  my clients were not prejudiced by not having the ability to file a separate cross-motion for
6  the court to consider before the court ruled upon Defendant's motion.  I informed
7  Defendant's counsel of my intentions both by phone and email.  I then filed a combined
8  memorandum in opposition and cross-motion for partial summary judgment. I was
9  concerned though that the Administrative Record had not yet been settled because there
10 were numerous documents which Plaintiffs were relying upon which had not been formally
11 made part of the Administrative Record.  I informed Mr. Kipnis of my concerns about that
12 too.

13     12.    True copies of all of the e-mail exchanges between me and Mr. Kipnis
14 concerning summary judgment briefing and the AR are attached hereto and marked as
15 Exhibit "A".  As the court will see from the attached email traffic on September 23, 2019,
16 11:29AM I asked Mr. Kipnis to agree that Plaintiffs could file an enlarged brief and include a
17 cross-motion for summary judgment claim regarding the trust fund claims as well.  Mr.
18 Kipnis responded shortly thereafter that same day at 11:56AM objecting to including a cross-
19 motion regarding the trust fund claims, and he stated he was ". . . envisioning cross-motions
20 limited to the causes of action that Defendants motion puts before the court, and those
21 concern only the legality of the re-petition regulation, which is an entirely separate issue
22 from the trust fund issue."

23 ///
24 ///
25 ///
26 ///

DECLARATION OF THANE W. TIENSON IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
UNAUTHORIZED SUR-REPLY - 4
Case No. 3:17-05668-RBL

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100 ▪ 503.224-4133 (facsimile)

THOMAS, COON, NEWTON & FROST
820 SW Second Avenue, Ste. 200
Portland, OR 97204
503.228.5222 ▪ 503.273.9175 (facsimile)

43N9193/ 15744-001

13. I understood from Mr. Kipnis' response that he understood and agreed that I would be filing a cross-motion on the re-petitioning claim only; that I would be limited to 24 pages of briefing, but that I would be filing a cross-motion in conjunction with the filing of my opposition brief and that Plaintiffs would file a separate cross-motion on the trust funds issue at a later date. *See* my email of September 25, 2019 at 11:45AM.

14. Consequently, I was surprised when I read Defendants' Reply brief and saw that Defendants objected to my inclusion of a cross-motion for summary judgment in my opposition brief. However, after reading his Reply brief and researching it, I concluded that Mr. Kipnis was correct; that it had not been properly noted and was therefore procedurally improper. In fact, Mr. Kipnis has devoted several pages in his motion to strike trying to prove that Plaintiffs initially failed to file a proper cross-motion. I sought to remedy the deficiency by filing a separate cross-motion for summary judgment. I viewed it as the only possible means to allow Plaintiffs an opportunity to prevail upon their re-petitioning claims. Understandably, when I drafted that separate cross-motion, I read, considered and felt obligated to respond to the arguments that Defendants had provided in their Reply motion. However, in doing so, my intent was not to file an unauthorized sur-reply, but to file a procedurally proper cross-motion to allow the court to consider Plaintiffs arguments as to why they should prevail on their re-petitioning claims.

15. I understood that Defendants intended to supplement the AR. Our e-mail communications reflect that fact. However, the Administrative Record was not supplemented by Defendants until November 5, 2019 (*see* Dkt. #100), four days after Defendants filed their Reply.

16. As a practical matter, I then wanted to wait until the Administrative Record had been settled and I had an opportunity to review those additional documents and consider them to determine if any of them were relevant to my cross-motion. I relied upon them in part in my cross-motion for summary judgment.

DECLARATION OF THANE W. TIENSON IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY - 5
Case No. 3:17-05668-RBL

43N9193/ 15744-001

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224.4100 ▪ 503.224.4133 (facsimile)

THOMAS, COON, NEWTON & FROST
820 SW Second Avenue, Ste. 200
Portland, OR 97204
503.228.5222 ▪ 503.273.9175 (facsimile)

17. While I had requested oral argument in my opposition brief, there was no assurance my request would be granted. My intent in filing the cross-motion, again, was not to file a sur-reply or to "game the system", it was to ensure that the court had the opportunity to consider Plaintiffs' own motion for partial summary judgment on our re-petitioning claims with the best arguments that I could make on their behalf.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: December 18, 2019.

*s/ Thane W. Tienson*
Thane W. Tienson

DECLARATION OF THANE W. TIENSON IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SUR-REPLY - 6
Case No. 3:17-05668-RBL

43N9193/ 15744-001

**LANDYE BENNETT BLUMSTEIN LLP**
1300 SW Fifth Avenue, Suite 3600
Portland, Oregon 97201
503.224-4100 ▪ 503.224-4133 (facsimile)

**THOMAS, COON, NEWTON & FROST**
820 SW Second Avenue, Ste. 200
Portland, OR 97204
503.228.5222 ▪ 503.273.9175 (facsimile)