UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHINOOK INDIAN NATION, et al., | CASE NO. 3:17-cv-05668-RBL |
| Plaintiff, | ORDER ON MOTION FOR RECONSIDERATION |
| v. | |
| DAVID BERNHARDT, in his capacity as Secretary of the U.S. Department of Interior, et. al., | |
| Defendant. | |

THIS MATTER is before the Court on Defendants' (collectively referred to as "DOI")

Motion for Reconsideration of the Court's Order Granting in Part and Denying in Part Plaintiffs'

(collectively referred to as "CIN") Motion for Partial Summary Judgment on Claims II-V.

Motion, Dkt. # 114. Defendants do not challenge the entire Order, but do ask the Court to

reconsider its decision to dismiss Claims III and V *without* prejudice. *See* Order, Dkt. 112, at 2

n.3.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily

be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal

authority which could not have been brought to the attention of the court earlier, through

reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and

that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

DOI argues that the Court committed clear error by dismissing CIN's claims under the Fifth Amendment's Due Process Clause (Claim III) and First Amendment's Petition Clause (Claim V) without prejudice. DOI argues that, because they moved for summary judgment on the merits on all claims and CIN chose not to oppose the motion with respect to Claims III and V, the Court should have granted Defendants' Motion by dismissing with prejudice. CIN responds

that it did not concede that these claims were unmeritorious but rather that they were unripe, and that unripe claims are properly dismissed without prejudice. CIN argued at summary judgment that it wished to preserve these claims in order to challenge the third-party veto provision from the Proposed Rule if it was re-inserted into DOI's regulations after the Court remanded to the agency. Dkt. # 97 at 23-24.

The Court dismissed CIN's third and fifth claims without prejudice to preserve CIN's ability to challenge DOI's regulations on these bases after remand. Although the Order did not state as much, the Court viewed these claims as unripe and anticipated that, if they were dismissed with prejudice, it would raise the likelihood of a preclusion argument down the road if DOI amends its regulations and CIN attempts to re-assert the claims. *See Piedmont Envtl. Council v. F.E.R.C.*, 558 F.3d 304, 319 (4th Cir. 2009) (dismissing without prejudice pending the result of an administrative action on remand). However, DOI is correct that CIN's claims as currently alleged only target the re-petition ban and do not mention the third-party veto provision. *See* Amended Complaint, Dkt. # 24, at 68-70, 72-73. Consequently, dismissing Claims III and V without prejudice was in error because CIN conceded that these claims have no merit when applied to the re-petition ban.

However, the implication of this is that CIN would not be precluded from asserting claims under the First and Fifth Amendment regarding amendments to DOI's regulations after remand. *See Howard v. City of Coos Bay*, 871 F.3d 1032, 1040 (9th Cir. 2017) ("[C]laim preclusion does not apply to claims that accrue after the filing of the operative complaint."). Such claims will only accrue if and when DOI amends its regulations on remand.

1    DOI's Motion for Reconsideration is GRANTED. CIN's claims under the Fifth

2    Amendment's Due Process Clause (Claim III) and First Amendment's Petition Clause (Claim V)

3    are dismissed with prejudice.

4    IT IS SO ORDERED.

5

6    Dated this 10th day of February, 2020.

7

8    Ronald B. Leighton
     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24